

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. J. S. Ellingson.
General Manager, Texas Prison System
Huntsville, Texas

Dear Sir:                        Opinion No. 0-3720
                                 Re: Cumulative or concurrent
                                     sentence; should Jack
                                     Sullivan's sentence read
                                     37 years or 20 years?

        This letter is in reply to your opinion request of
recent date from which we quote the following:

        "Our records reveal that on January 25,
        1933, in Cause No. 2259, in the District Court
        of Hale County, Jack Sullivan was convicted of
        the offense of Robbery with Firearms, and on
        February 15 was sentenced by said court to
        serve not less than five nor more than twenty
        years in the penitentiary. Thereafter, on
        March 11, 1933, in Cause No. 1717 in the Dis-
        trict Court of Lubbock County, Sullivan was
        convicted of the offense of Robbery with
        Firearms, and was sentenced by said court
        to serve not less than five nor more than
        seventeen years in the penitentiary, and that
        this sentence is to be cumulative of any other
        sentence that the defendant has or may have in
        the future, during the time of this sentence.

        "Sullivan appealed this latter conviction
        to the Court of Criminal Appeals and Mandate
        was issued October 27, 1933, upholding the con-
        viction but reforming his sentence to show 'Not
        less than five nor more than seventeen years'.

        "In view of the convictions and sentences
        outlined above, we are inclined to believe.
        Jack Sullivan has a total sentence of 37 years

in prison, and we show such on his record in the record office.

"We would sincerely appreciate your giving us the benefit of your opinion in this matter, advising whether Sullivan's sentence should read 37 years as we have it, or 20 years as contended by him."

You also enclosed copies of the sentences from Hale and Lubbock Counties, confirming the statement made in your letter, copied above. In the Lubbock County sentence appears the following order:

"This sentence is to be cumulative to any other sentence that the defendant has or may have in the future, during the time of this sentence."

We find that both cases herein referred to were appealed by Sullivan to the Court of Criminal Appeals, the Hale County conviction being affirmed in an opinion printed in 61 S. W. (2d) 1118, while the Lubbock County case is reported in 124 Tex. Cr. R. 435, 63 S. W. (2d) 704. From the court's opinion in the latter case we quote:

"We find in the record no statement of facts or complaint of any matter of procedure, except that in his brief appellant vigorously urges that the court was in error in a part of his sentence, pointed out in the brief. We are in accord with appellant's contention that said part of the sentence was erroneous, but do not agree that it was so wrong as to call for a reversal of the case. There was no testimony in the case showing that appellant had ever been convicted for any other offense, but for some reason the trial court incorporated in his sentence the following statement: 'This sentence is to be cumulative of any other sentence that the defendant has or may have in the future, during the time of this sentence.' Such a statement is of no legal effect, and does not make the appellant's sentence in this case cumulative of any other named or described sentence, and of course can have no effect to accumulate this sentence with any other which might thereafter

be entered upon any other conviction of the appellant. The sentence will be reformed so as to direct appellant's imprisonment in the penitentiary for not less then five nor more than seventeen years, and that he be remanded to jail, etc. That part of the sentence above quoted will be stricken out.

"The judgment will be affirmed with the sentence reformed as above stated." (Emphasis ours.)

As will be noted by reading the underlined language, the effect of the opinion is to vitiate and render wholly ineffective the attempt of the trial court to make the Lubbock County sentence cumulative with any other, including, of course, the Hale County sentence. Being void, the quoted clause must be completely disregarded, and the sentence from Lubbock County stands as though no mention was made therein of any other convictions. And, it is well settled that where the trial court does not order in its judgment that two or more sentences in different prosecutions shall be cumulative, the terms of imprisonment run concurrently. See Ex parte Davis, 71 Tex. Cr. R. 538, 10 S. W. 459.

In view of the above, we must respectfully advise you that the prisoner Sullivan is correct, and your records should be changed to provide for his discharge after he has completed twenty year's imprisonment, with due allowance made for overtime and commutation earned, if any.

APPROVED JUL 3, 1941

ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
Benjamin Woodall
Assistant

BW:RS

